UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Annuity Plan of the International Union of Operating Engineers Local No. 649, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 08-1049 |
| DEM/EX Group, Inc., | ) ) | |
| Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me[1]. Now before the Court are the Defendant's Motion to Vacate Default Judgment (Doc. #16) and Motion to Quash Garnishment Summons and Request for Hearing (Doc. #20). I have carefully considered the matters raised in these motions. For the following reasons, the Motion to Vacate Default Judgment is GRANTED, and the Motion to Quash Garnishment Summons is GRANTED.

**BACKGROUND**

Plaintiff filed this ERISA action on February 13, 2008. Summons was issued to the President of DEM/EX, Edward Fisher; it was returned unexecuted (Doc. #3). Alias Summons was issued and returned executed (Doc. # 5). The Alias Summons was directed to "Billie Moore, Secretary for DEM/EX Group" at an address in Pekin, Illinois. The Affidavit of Service shows that the Complaint and Alias Summons were served on March 11, 2008, upon "Billie Moore, Secretary for DEM/EX Group" at that same address in Pekin, Illinois.

---

[1] On June 25, 2008, Plaintiff consented to Magistrate Judge Jurisdiction (Doc. #. 10) Subsequently, on September 9, 2008, Defendant consented to Magistrate Judge Jurisdiction (Doc. #31).

Defendant's responsive pleading was due by March 26, 2008. No such pleading was filed. On June 13, 2008, Plaintiff moved for entry of default and for default judgment ([Doc. #8](Doc. #8)). The motion for default judgment was allowed, and judgment was entered in favor of the Plaintiff in the amount of $11,196.10 plus attorney's fees and costs.

On July 28, a Garnishment Summons was issued to Caterpillar Inc, and a Notice of that Summons was served on "Edward Fisher, President, Dem/Ex Group, Inc., 7841 Manito Raod [sic], Warner, Illinois 61546."

On August 20, 2008, Defendant DEM/EX Group, Inc. ("DEM/EX") filed a motion to vacate that judgment. On August 22, 2008, DEM/EX filed a motion to quash the Garnishment Summons.

## MOTION TO VACATE DEFAULT JUDGMENT

Pursuant to Fed.R.Civ.P. 4(h)(1)(B), a corporation may be served by delivering a copy of the complaint to an officer or any other agent authorized by law to receive service of process for the corporation. Under Illinois law, process may be served on a private corporation by leaving the summons and complaint with any officer of the corporation found within Illinois. 735 ILCS 5/2-204.

Edward Fischer, the President of DEM/EX, has filed his affidavit in support of the Motion to Vacate. In that affidavit, he flatly states that Moore "is not now, nor has he ever been, the registered agent of DEM/EX Group, Inc. or otherwise authorized to accept service on behalf" of the corporation. The Affidavit states that Moore was not a "secretary, owner, employee, officer, representative, or agent" of the corporation on the date of service and has had "no connection" with the company since April of 2007. As a result of the defective service, opines Defendant, this Court has no personal jurisdiction over the Defendant and the judgment is void.

In opposition to the Motion, Plaintiff has filed a copy of the corporate file detail report from the Illinois Secretary of State's internet web site, which lists Billie Moore as the corporation's Secretary.

2

Defendant, in its reply, includes a copy of DEM/EX's Domestic/Foreign Corporation Annual Report, dated April 8, 2008.  This is the report that Illinois requires corporations to file with the Secretary of State each year.  The 2008 Annual Report, signed by Edward Fisher, states that Edward Fisher is the Corporation's President, Secretary and Director;  Fisher also is shown as the registered agent for the Corporation, and he signed the Report.  Appended as a third page to this report is a document dated 3/9/04 that shows Billie Moore as the corporation's Secretary.  Moore also apparently re-signed that form as Secretary on 2/20/07.  Moore's address shown on this latter document is the business address of DEM/EX Group.

Relying on the doctrine of apparent authority, Plaintiff argues that the Defendant created the appearance that Moore was a corporate officer and is therefore bound by Moore's apparent authority to accept service of process on behalf of the corporation.

Agency is a fiduciary relationship in which the agent has the power to act on the principal's behalf.  Sphere Drake Ins. Ltd. v. American General Life Ins. Co., 376 F.3d 664, 672 (7th Cir. 2004); Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc., 759 N.E.2d 174, 181 (Ill.App.2001).  An agent's authority may be either actual or apparent.  Sphere Drake, 376 F.3d at 672.  Apparent authority binds a principle not only by that authority which he actually gives to another, but also by the authority which he appears to give. Gilbert v. Sycamore Mun. Hosp., 622 N.E.2d 788, 795  (Ill.,1993).

The doctrine of apparent authority, however,  has no applicability to the issue of service of process.  Both Illinois and federal courts have consistently held that agency for purpose of service of process cannot be created by apparent authority. U.S. v. Norden Enterprises, LLC, -- F. Supp. 2d  --, Case 01-8968, 2002 WL 1632633 at *5-6  (N.D.IL 2002); Hunter Douglas v. Aluminio Conesa, -- F. Supp. 2d  --, No. 96-6853, 1997 WL 282880 at *9 (N.D. Ill. 1997); Barnard v. The Springfield and

Northeastern Traction Co., 113 N.E. 89, 90 (Ill. 1916); Newey v. Newey, 576 N.E.2d 137, 143 (Ill.App. 1991); Slates v. IHOP Inc., 413 N.E.2d 457, 466 (Ill.App. 1980).

The default that was entered against the Defendant in this case was premised upon defective service of process and hence was void *ab initio*. Omni Capital Internat'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Swaim v. Moltan Co., 73 F.3d 711, 718 (7th Cir. 1996). Judgment must therefore be vacated[2] and the motion to vacate default judgment is granted.

## MOTION TO QUASH GARNISHMENT SUMMONS

Because no judgment is entered, there can be no post-judgment proceedings, such as the garnishment summons issued in this case. Cerone v. Clark, 249 N.E.2d 186 (Ill.App. 1969); Neri v. J.I.Case Co., 566 N.E.2d 16 (Ill.App.1991). The motion to quash the garnishment summons is also granted, and the garnishment summons is quashed. The request for hearing is denied as moot.

## CONCLUSION

The motion to vacate default judgment [16] is granted. The Clerk is directed to vacate the judgment entered in this case. The motion to quash the garnishment summons [20] is also granted, and the summons is quashed. Defendant is directed to file a responsive pleading within 14 days of this date.
ENTERED ON  October 2, 2008

                          s/ John A. Gorman

                          JOHN A. GORMAN
                          UNITED STATES MAGISTRATE JUDGE

---

[2] I reject Plaintiff's assertion that a motion to vacate judgment requires a prima facie showing of a good faith defense to the underlying claim. A showing of good faith defense only arises where the grounds for vacating default is unrelated to the adequacy of service of process.