E-FILED
Friday, 24 October, 2008  04:29:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Annuity Plan of the International Union of
Operating Engineers Local No. 649,  )
                 Plaintiff  )
                                 )
    v.                               )      Case No. 08-1049
                                 )
DEM/EX Group Inc.,  )
                 Defendant  )

**ORDER**

Now before the Court is the motion by Defendant to dismiss Plaintiff's Amended Complaint. The motion is fully briefed and I have carefully considered the arguments of the parties. For the following reasons, the motion is granted.

**MOTIONS TO DISMISS GENERALLY**

In Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955 (U.S. 2007), the Supreme Court described the standard that apply when deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). *Factual allegations must be enough to raise a right to relief above the speculative level.*

Id. at 1964 -65 [emphasis added]. The Court noted that, because Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," factual allegation in the complaint must

suffice to provide not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.  Id.  The Court further noted that Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it." Id., citing 5 Wright & Miller, Federal Practice and Procedure, § 1202, at 94, 95.

The Seventh Circuit has discussed the Bell case and its impact on prior descriptions of the court's burden in resolving motions to dismiss:

> Since Bell Atlantic, we cautiously have attempted neither to over-read nor to under-read its holding. We have stated that the Supreme Court in Bell Atlantic retooled federal pleading standards, and retired the oft-quoted Conley formulation.  We also have cautioned, however, that Bell Atlantic must not be overread.  Although the opinion contains some language that could be read to suggest otherwise, the Court in Bell Atlantic made clear that it did not, in fact, supplant the basic notice-pleading standard.  *A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.*

Tamayo v. Blagojevich, 526 F.3d 1074, 1082-83 (7th Cir.2008) [emphasis added][internal quotation marks and citations omitted].

## DISCUSSION

Defendant asserts that the Amended Complaint falls short of the Bell Atlantic standard because both counts "fail to put forth any operative facts outlining even the basic elements of its claims." More specifically, Defendant criticizes the "vague" allegations of a "certain agreement and declaration of trust" and "a collective bargaining agreement adopting the agreement and declaration of trust" (Amended Complaint ¶ 3 Count I and ¶ 3 Count II) without specifically identifying the agreements and documents to which it refers.  This is a key omission and not merely a technical deficiency, according to Defendant, because it "has been involved in multiple projects in the Central

Illinois area and the Amended Complaint fails to in any way identify the project to which Plaintiff claims the alleged agreement in question relates."

I have carefully reviewed the Amended Complaint and I conclude that it does not meet even the liberal notice pleading standards discussed above. The complaint does not allege any dates or places; Fed.R.Civ.P. 9 makes allegations of time and place relevant for purposes of testing the sufficiency of the complaint. It does not allege that Defendant is a party to the agreements, simply asserting that Defendant is "obligated" to make contributions under the terms of those agreements.

Not all of Defendant's assertions, however, have merit. There is no need for Plaintiff to allege specific projects or name particular employees. That type of specific information need not be alleged. Assuming there is a contractual relationship giving rise to the types of obligations stated in the Amended Complaint, an allegation that those obligations were breached is sufficiently precise to show that Plaintiff's claim is plausible, and that its right to relief rises above the speculative level.

Accordingly the motion to dismiss is allowed. Plaintiff shall file within 14 days a second amended complaint that includes the requisite allegations discussed above. This case is set for a Rule 16 conference on Friday, November 21, 2008 at 11:00 a.m.

ENTERED ON  October 24, 2008

                              s/ John A. Gorman

                            JOHN A. GORMAN
                            UNITED STATES MAGISTRATE JUDGE